**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Casey Anderton, | No. CV-25-01589-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Department of Public Safety, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Application for Leave to Proceed In Forma Pauperis (Doc. 2), which the Court hereby grants. The Court will screen Plaintiff's complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e)(2)[1] before it is allowed to be served. Pursuant to that screening, the complaint will be dismissed for lack of subject-matter jurisdiction.

**I.    Legal Standard**

Under 28 U.S.C. § 1915(e)(2), a complaint is subject to dismissal if it contains claims that are "frivolous or malicious," that "fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." *Id.* Additionally, under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* Although Rule 8 does not demand detailed factual allegations, "it demands

---

[1] Although section 1915 largely concerns prisoner litigation, section 1915(e) applies to all in forma pauperis proceedings. *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* On the other hand, "[i]f the pleading contains prolix evidentiary averments, largely irrelevant or of slight relevance, rather than clear and concise averments stating which defendants are liable to plaintiffs for which wrongs, based on the evidence, then . . . the very prolixity of the complaint [makes] it difficult to determine just what circumstances were supposed to have given rise to the various causes of action." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

The Ninth Circuit has instructed that courts must "construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Conclusory and vague allegations, however, will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A liberal interpretation may not supply essential elements of the claim that were not initially pled. *Id.*

**II.     Analysis**

This action arises out of the death of Plaintiff's brother, Jacob Anderton ("Jacob"). Plaintiff asserts various state law claims (wrongful death, gross negligence, intentional or negligent infliction of emotional distress, and violations of public records law) and a federal claim pursuant to 42 U.S.C. § 1983 based on the assertion that all Defendants—the Arizona Department of Public Safety, DPS Officer Michael White, the State of Arizona,

1   and Katherine Cochrine of the Office of the Medical Examiner ("OME")—"deprived
2   [Jacob] of life and Plaintiff of due process through deliberate indifference and failure to
3   investigate," adding that Defendants' conduct "shocks the conscience and violates the
4   Fourteenth Amendment." (Doc. 1 at 10-11.)

5   The complaint does not set forth a coherent narrative. Due to the frequent
6   introduction of persons and facts without necessary contextualizing information, the
7   nonlinear presentation of facts, and the frequent use of sentence fragments that do not
8   convey a clear meaning, it is difficult to clearly ascertain what alleged acts support
9   Plaintiff's claims.

10  Plaintiff attached police reports to her complaint. The police reports suggest—
11  allegedly falsely—that Jacob died as the result of a collision that occurred on the
12  westbound I-10, north of Guadalupe, on May 18, 2023, at approximately 1:45 a.m.,
13  between a semi-truck and the "boom lift"[2] that Jacob occupied. (Doc. 1-1.) The driver of
14  the semi-truck stated that he was driving into the construction zone and saw that the boom
15  lift was crossing the street but was unable to slow down fast enough to avoid a collision.
16  (*Id.* at 34.) The semi struck the bottom of lift bucket, which Jacob had occupied, causing
17  Jacob to roll off the side of the bucket, hitting the side of the truck before hitting the ground.
18  (*Id.*) According to the police reports, Jacob's wife, identified as Denise Anderton
19  ("Denise"), and her son Zander Anderton ("Zander") were standing on the overpass
20  watching Jacob attempt to move the boom lift across the highway and witnessed the
21  accident. (*Id.* at 35.) Zander ran down and pulled Jacob out of the open lane of traffic and
22  into the road closure. (*Id.*)

23  Although it is difficult to make sense of the facts set forth in the complaint and the
24  attached "timeline" submitted as Exhibit C to the complaint, it appears that Plaintiff
25  believes Denise killed Jacob (and perhaps other members of Plaintiff's family, *see* Doc. 1-
26  1 at 16), possibly by poisoning him (*id.* at 15). There are also suggestions that the person

---

[2]   A "boom lift" is another name for an "aerial work platform," a mechanical device consisting of a platform or bucket attached to a hydraulic arm on a grounded, movable base. The police report indicates that the boom lift had four wheels and "could move at a slow rate of speed [of] just a few miles an hour." (Doc. 1-1 at 34.)

who died in the collision was not actually Jacob: "I discovered that the tattoos on the decedent seen in the body camera footage do not match [Jacob's] tattoos. Additionally, the OME listed the height of the deceased as 6'1", which is inaccurate—Jacob was not 6'1"." (Doc. 1 at 2 ¶ 1.2.1.) Plaintiff also attached to the complaint an email from Plaintiff to Officer White in which Plaintiff asserts that Jacob was either "thrown from the bridge" or "placed in the bucket" after he was "already dead." (Doc. 1-1 at 23.) At any rate, the complaint alleges that "DPS officers failed to secure the scene, collect critical evidence, or conduct a standard death investigation," such that "[k]ey items of physical evidence, such as clothing, cell phone data, and witness interviews, were either lost, ignored, or never pursued," and that "[d]espite repeated requests from Plaintiff and family, DPS failed to disclose case files or respond to lawful records requests under A.R.S. § 39-121." (Doc. 1 at 1 ¶ 1.1.)

Plaintiff's § 1983 claim—her sole federal claim—asserts that Defendants failed to properly investigate her brother's death, depriving Plaintiff of due process under the Fourteenth Amendment. But "a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Furthermore, "[p]olice officers do not owe a duty to investigate allegations or arrest persons simply because a citizen asks them to do so." *Dixon v. Wesbrook*, 2012 WL 6160797, *5 (E.D. Cal. 2012). "The police have no affirmative obligation to investigate a crime in a particular way or to protect one citizen from another even when one citizen deprives the other of liberty of property." *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1045 (9th Cir. 1994). "[E]ach of us has a legal interest in how *we* are treated by law enforcement—but not a legally cognizable interest in how *others* are treated by law enforcement. So people accused of a crime have an obvious interest in being treated fairly by prosecutors. And victims of crime have a strong interest in their own physical safety and protection. But victims do not have standing based on whether *other* people—including their perpetrators—are investigated or prosecuted." *Lefebure v. D'Aquilla*, 15 F.4th 650, 652

1  (5th Cir. 2021).  *See also Pratt v. Helms*, 73 F.4th 592, 595 (8th Cir. 2023) (vacating grant
2  of summary judgment on § 1983 claim because there is no standing to bring a claim for
3  failure to investigate).  And if a crime victim lacks standing to bring an action for failure
4  to investigate the crime in which he was a victim, it logically follows that a person lacks
5  standing to bring an action for failure to investigate an alleged crime in which *someone*
6  *else* was the victim.  *Cf. Briggs v. YMCA of Snohomish Cnty.*, 2009 WL 1360474, *4 (W.D.
7  Wash. 2009) (no standing to bring claim on behalf of brother).

8      The main thrust of Plaintiff's due process claim is that Defendants have failed to
9  investigate Denise's alleged murder of Jacob.  Plaintiff lacks standing to bring a due
10 process claim based on these allegations.  Because Plaintiff lacks standing to bring her sole
11 federal claim, the Court must dismiss this action for lack of subject-matter jurisdiction and
12 must dismiss all claims without prejudice.  *Herman Fam. Revocable Tr. v. Teddy Bear*,
13 254 F.3d 802, 806 (9th Cir. 2001) ("If the district court dismisses all federal claims on the
14 merits, it has discretion under § 1367(c) to adjudicate the remaining claims; if the court
15 dismisses for lack of subject matter jurisdiction, it has no discretion and must dismiss all
16 claims."); *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 664 (9th Cir. 2002) (same).
17 Additionally, leave to amend is denied because amendment would, under the
18 circumstances, be futile.

19     "Without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is
20 power to declare the law, and when it ceases to exist, the only function remaining to the
21 court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a*
22 *Better Env't*, 523 U.S. 83, 94 (1998).  Thus, the Court cannot rule on Plaintiff's emergency
23 motion to preserve biological evidence (Doc. 5) or expedited motion for blood sample
24 (Doc. 8).

25     …
26     …
27     …
28     …

Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2) is **granted**.

2. Plaintiff's motion to allow electronic filing by a party appearing without an attorney (Doc. 5) is **granted** in this case only.  The party is required to comply with all rules outlined in the District of Arizona's Case Management/Electronic Case Filing Administrative Policies and Procedures Manual, have access to the required equipment and software, have a personal electronic mailbox of sufficient capacity to send and receive electronic notice of case related transmissions, be able to electronically transmit documents to the court in .pdf, complete the necessary forms to register as a user with the Clerk's Office within five days of the date of this Order (if not already on file), register as a subscriber to PACER (Public Access to Electronic Records) within five days of the date of this Order (if this has not already occurred), and comply with the privacy policy of the Judicial Conference of the United States and the E-Government Act of 2002.  Any misuse of the ECF system will result in immediate discontinuation of this privilege and disabling of the password assigned to the party.

3. Plaintiff's complaint (Doc. 1) is **dismissed** for lack of subject-matter jurisdiction.  The Clerk enter judgment accordingly and terminate this action.

4. The Clerk shall **terminate** Plaintiff's emergency motion to preserve biological evidence (Doc. 4) and Plaintiff's expedited motion for blood sample (Doc. 8), as the Court lacks jurisdiction and cannot rule on those motions.

Dated this 16th day of May, 2025.

_____
Dominic W. Lanza
United States District Judge